Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5134 | **DATE** | APRIL 11, 2002 |
| **CASE TITLE** | Johnny Taylor a/k/a Willie Johnson v. Kevin Remmers, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion & Order: For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendants' motion to dismiss [#13] is granted. The complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The case is terminated. The parties are to bear their own costs. The ruling date set for May 28, 2002, at 9:00 a.m. is vacated.

(11) ■ [See attached Memorandum Opinion and Order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY TAYLOR a/k/a WILLIE JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 01 C 5134 |
| KEVIN REMMERS, et al. | ) ) | HON. WAYNE R. ANDERSEN |
| Defendants. | ) ) | |

APR 1 2 2002

APR 1 2 2002

## MEMORANDUM OPINION AND ORDER

The plaintiff, Johnny Taylor, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, parole officials, violated the plaintiff's constitutional rights by denying him due process and by subjecting him to *ex post facto* punishment and double jeopardy. More specifically, the plaintiff alleges that the defendants unlawfully forced him to remain on electronic detention for three years after he had served his mandatory prison sentence.[1] This matter is before the court for consideration of the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion will be granted and the case will be dismissed.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v.*

---

[1] By Minute Order of July 19, 2001, the court dismissed the complaint as to all other claims and defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

*City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893 (1992).

## FACTS

The plaintiff, Johnny Taylor (also known as Willie Johnson), is a former Illinois state prisoner. The defendant Anne Taylor is the Chairperson of the Illinois Prisoner Review Board. The defendant Kandie Manning (who now goes by her married name, Martens) was assigned as the plaintiff's parole officer in or around March 1999. The defendant Kevin Remmers became the plaintiff's parole agent in August 1999.

The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion: In or around July of 1987, the plaintiff was convicted of aggravated criminal

2

sexual assault. His twenty-five year determinate sentence included a mandatory supervised release term of three years. The plaintiff was sentenced under a 1978 law.

In 1994, the plaintiff requested to be placed in the electronic detention program for the remaining four years of his sentence. The plaintiff's requests were denied on the grounds that Illinois law excludes anyone convicted of criminal sexual offenses from being considered for early release on electronic detention. *See* 730 ILCS § 5/5-8A-3(a); 730 ILCS § 5/5-8A-2(B).

On January 21, 1999, after serving twelve years and three months of his twenty-five year sentence, the plaintiff was released because he had accumulated enough day-for-day "good time" credits to satisfy his mandatory prison sentence.

However, when the plaintiff arrived at his sister's home, an unnamed parole agent placed him on "re-confinement" under the electronic home detention program. The parole agent cited several Illinois statutes as authorizing electronic home detention and informed the plaintiff that he would have to remain on electronic detention for up to the three full years of his mandatory supervised release. Although the plaintiff had committed no wrongdoing and was not afforded a hearing, he was "forced" to agree to electronic detention, the alternative being to face disciplinary action and possible parole revocation.

In June 2000, the plaintiff was charged with a parole violation and returned to prison. [The court previously dismissed those counts of the complaint in which the plaintiff challenged the parole revocation proceedings.] The plaintiff served all or part of the remaining period of his mandatory supervised release term in prison. [It is unclear from the

record whether the plaintiff was released again on electronic home monitoring.] The plaintiff discharged his sentence on March 2, 2001. He initiated this action on July 19, 2001.

The plaintiff contends that the law under which he was sentenced provided for mandatory release after a fixed term (less any good conduct credits), and that the three years of supervised confinement on electronic detention effectively extended his incarceration for an extra three years. The plaintiff asserts that Illinois Supreme Court overturned the statute based upon which he was placed on electronic detention. The plaintiff further argues that the Electronic Home Detention Law created a "double standard" that violated his right to due process, subjected him to double jeopardy, and amounted to an *ex post facto* law.

## **DISCUSSION**

The defendants' motion to dismiss will be granted. Even accepting the plaintiff's factual allegations as true, Count I fails to state a colorable cause of action against the defendants under 42 U.S.C. § 1983. In its threshold review, the court gathered from the complaint that the prison system had tacked an additional three years onto the plaintiff's sentence after it had expired. However, further briefing reveals that the prison system simply imposed a condition on the plaintiff's mandatory supervised release that he had not expected. The court finds as a matter of law that the plaintiff's placement on electronic detention following his release from prison did not violate his constitutional rights.

Timeliness

The defendants argue that the complaint must be dismissed as time-barred. The defendants maintain that because the plaintiff challenges a purportedly unlawful placement

4

on electronic detention that occurred on January 21, 1999, the statute of limitations expired on January 21, 2001. The court disagrees. "The . . . statute of limitations for Section 1983 actions filed in Illinois is two years as set forth in 735 ILCS § 5/13-202." *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). It is true that the plaintiff was aware of his injury as soon as he was placed on electronic detention against his will. But if the plaintiff's placement on electronic detention were wrongful, every day that his liberty remained restricted prolonged his injury and caused the statute of limitations to start running anew. *Compare Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2000) (defendants' refusal to provide medical care amounted to a "continuing violation" that kept the plaintiff's claims alive well after the plaintiff discovered he had a medical problem that required attention). The court therefore deems the complaint to be timely filed and has considered the substantive merits of the plaintiff's claims.

<u>Constitutionality of the Electronic Home Detention Law</u>

The plaintiff correctly points out that the Illinois Supreme Court, in *Johnson v. Edgar*, 176 Ill.2d 499 (1997), invalidated Public Act 89-428 under the Illinois Constitution's single subject rule. However, the plaintiff is mistaken that the overturned statute in any way affected him. Public Act 89-428 did not "give birth to" the Electronic Home Detention Law. Rather, the new statute merely (among its many other provisions) added the crime of "predatory criminal sexual assault of a child" to the list of excluded offenses under 730 ILCS § § 5/5-8A-2(B) and 5/5-8A-3(d). The plaintiff in the case at bar, however, was not convicted of sexually assaulting a child. Because the plaintiff was convicted of aggravated

criminal sexual assault (*see* complaint and accompanying Exhibits), the constitutionality of Public Act 89-428 is irrelevant to his situation.

Application of the Electronic Home Detention Law to the Plaintiff

The plaintiff additionally argues that the Electronic Home Detention Law, which was enacted after he was convicted, violated the Ex Post Facto Clause. However, the court finds that the plaintiff's placement on electronic detention as a term of his mandatory supervised release did not so affect the terms and conditions of his sentence as to violate his constitutional rights.

The Electronic Home Detention Law, which went into effect on January 1, 1991, allows for individuals either charged with or convicted of certain offenses to be placed on an approved electronic monitoring device. *See* 730 ILCS § 5/5-8A-1 *et seq*. Under the statutory scheme, persons convicted of excluded offenses, including criminal sexual assault, are ineligible for the electronic home detention program, "except . . . while on parole or mandatory supervised release." *See* 730 ILCS § 5/5-8A-3(a); 730 ILCS § 5/5-8A-2(B).

The Ex Post Facto Clause would bar imposition of any legislative change that had the effect of imposing a greater penalty on the plaintiff after he committed his criminal offense. "[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990), *citing Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925).

6

In order to establish a violation of the Ex Post Facto Clause, the plaintiff must show that the revision of the law altered a substantial right. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991) (validating a requirement that victims be notified of, and given the opportunity to participate in, scheduled parole hearings). Even though a change in the law may work to the plaintiff's disadvantage, a procedural change is not *ex post facto*. *Id.*, citing *Dobbert v. Florida*, 432 U.S. 282, 292 (1977). The Ex Post Facto Clause does not forbid all legislative changes that have any conceivable risk of affecting a prisoner's punishment. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 508-09 (1995) (upholding a retroactive statute allowing the California Board of Prisons to decrease the frequency of parole hearings); *see also Garner v. Jones*, 529 U.S. 244, 246 (2000) (change in frequency of parole hearings for inmates serving life sentences from every three years to every eight years did not necessarily violate the Ex Post Facto Clause).

In this case, the statutory change did not criminalize previously innocent acts, alter the degree of proof necessary to establish the plaintiff's guilt, increase the severity of the plaintiff's punishment after his commission of the crime, lengthen the term of his imprisonment, eliminate credits for good behavior, nor abolish or restrict parole eligibility. The Electronic Home Detention Law simply allows for a person on parole or mandatory supervised release to be placed on electronic home detention. The revision of existing parole procedures did not amount to a "re-taking" or "re-imprisonment," as the plaintiff argues, and did not alter a substantial, personal right. The plaintiff was statutorily required to serve three years of mandatory supervised release; supervised release easily encompasses the concept of

electronic home detention, even if the technology to support that form of monitoring did not widely exist at the time the plaintiff committed the crime for which he was sentenced.

The statute governing parole and mandatory supervised release provides, "The conditions of parole or mandatory supervised release shall be such as the Prisoner Review Board deems necessary to assist the subject in leading a law-abiding life." 730 ILCS § 5/3-3-7(a). Electronic home detention serves that end. The increased limitation on the plaintiff's freedom engendered by electronic home detention did not violate the Ex Post Facto Clause. Such placement did not increase the quantum of punishment for the crime of which the plaintiff was convicted. *Contrast Miller v. Florida*, 482 U.S. 423 (1987) (revision in sentencing guidelines that increased a sexual offender's presumptive sentence after the petitioner was arrested but before he was sentenced violated the Ex Post Facto Clause). It is not the case that the plaintiff was required to serve more time in prison or on supervised release than he would have under the old law. An essentially procedural condition of release was simply added.

The challenged statute likewise did not violate the Double Jeopardy Clause. Although the plaintiff labels his placement on electronic home detention as a "re-taking" or "re-imprisonment," he mischaracterizes his situation. The plaintiff was not punished twice for the same offense. As discussed above, the plaintiff's placement on electronic home detention, while somewhat more restrictive than general parole, was a reasonable stipulation of the mandatory supervised release to which he had already been sentenced. The plaintiff's placement on electronic home detention was not invalid on grounds of double jeopardy.

The plaintiff also contends that perceived discrepancies between Illinois statutes governing electronic home detention makes them void and unenforceable. As discussed in preceding paragraphs, the law allows for inmates convicted of aggravated criminal sexual to be placed on electronic home detention in connection with their parole or mandatory supervised release. In contrast, under 730 ILCS § 5/5-8A-3(d), "A person serving a sentence for conviction of an offense other than . . . aggravated criminal sexual assault . . . may be placed in an electronic home detention program for a period not to exceed the last 12 months of incarceration [provided that four criteria are met]." The plaintiff maintains that because he could not be considered for early parole on electronic home detention, he should not have been placed on electronic detention as a condition of his mandatory supervised release. The court finds that argument to be without merit.

The subparts of the Electronic Home Detention Law are not internally inconsistent. The plaintiff takes issue with the law's exclusion of individuals convicted of certain (mostly violent) crimes from consideration for early release, while permitting their placement on electronic detention while on parole or mandatory supervised release. However, the distinction is perfectly rational: inmates convicted of offenses such as criminal sexual assault, firearm charges and "Super-X" drug offenses ostensibly pose a greater danger to the public. Therefore, their incarceration obviously offers greater security than would home confinement. Those inmates are consequently deemed unsuitable for early release from the penal setting on electronic home detention.

For those inmates convicted of such crimes who **must** be granted parole or mandatory supervised release, placement on electronic home detention affords greater controls than would merely having to check in periodically with a parole officer. Hence, the provisions of the Act are in no way discordant. The law properly distinguishes between inmates who seek early release from prison and those who must, by law, be released. Accordingly, the statutory denial of the plaintiff's application for early release under the electronic detention program, followed by the imposition of electronic home detention as a condition of mandatory supervised release, was not arbitrary or capricious.

The plaintiff also asserts that being "forced" to submit to electronic detention violated his constitutional right to due process. But the statute specifically exempts the supervising authority from having to obtain an inmate's consent for electronic home detention in cases of parole or mandatory supervised release. *See* 730 ILCS § 5/5-8A-5(D). By law, the plaintiff had no choice in the matter. He was not entitled to a hearing or any other type of due process, as the electronic detention was only a condition of his release and not a parole revocation or any other form of re-deprivation of his liberty.

In short, the court finds that the plaintiff's required placement on electronic home detention as a condition of his mandatory supervised release did not violate his constitutional rights. The statutes governing electronic detention pass constitutional muster and did not subject the plaintiff to double jeopardy, *ex post facto* punishment, or arbitrary application of the law.

Defendants' Immunity

Finally, even assuming (without finding) that the plaintiff's placement on electronic detention **was** unconstitutional, the defendants are immune from suit for damages. As Chairperson of the Prisoner Review Board, the defendant Taylor is absolutely immune from liability for her official actions. *See, e.g., Walker v. Prisoner Review Board*, 769 F.2d 396, 398-99 (7th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986). The parole officers are likewise entitled to immunity because they were acting pursuant to facially valid statutes and regulations. State officials performing discretionary acts enjoy qualified immunity when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known at the time the incident occurred. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, the plaintiff was placed on electronic home detention in accordance with the law in effect at the time of his mandatory release (and still valid). Because the court has found no authority in any state or federal jurisdiction holding that such changes in mandatory supervised release violate the Constitution, the defendants would have had no way of knowing that placing the plaintiff on electronic home detention was unlawful. They therefore enjoy qualified immunity against suits for damages.

Conclusion

In sum, for all of the foregoing reasons, the complaint fails to state a claim as a matter of law. The plaintiff was statutorily required to serve three years of mandatory supervised release following the completion of his prison sentence. The plaintiff's placement on electronic home detention in connection with that supervised release, even though authorized

11

by a statute enacted subsequent to his conviction, did not so change the terms of his sentence as to violate the Ex Post Facto Clause. Nor did his confinement subject him to double jeopardy. The plaintiff's allegations do not implicate any constitutional right. Regardless, the defendants are immune from suit for damages. Accordingly, the defendants' motion to dismiss must be granted.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C); *Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999).

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket #13) is granted. The complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and the case is terminated. The parties are to bear their own costs. The ruling date previously set for May 28, 2002, at 9:00 a.m. is vacated.

ENTER:

*Wayne R. Andersen*

WAYNE R. ANDERSEN
United States District Judge

DATED: April 11, 2002